IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DAKOTAS AND WESTERN MINNESOTA ELECTRICAL INDUSTRY HEALTH AND WELFARE FUND, and DAKOTAS AREAWIDE IBEW-NECA SAVINGS AND RETIREMENT PLAN,<br><br>*Plaintiffs*,<br><br>v.<br><br>WIGGINS COMPUTING, LLC d/b/a WCT MIDWEST, an Illinois Limited Liability Company,<br><br>*Defendant*. | CASE NO.: 3:23-cv-50072<br><br>JUDGE: IAIN D. JOHNSTON<br><br>MAG. JUDGE: LISA A. JENSEN |

**REPORT AND RECOMMENDATION**

For the reasons stated below, it is this Court's report and recommendation that Plaintiffs' motion for default judgment [19] be granted and that judgment be entered in favor of Plaintiffs and against Defendant Wiggins Computing, LLC d/b/a WCT Midwest in the aggregate amount of $13,899.59. Any objection to this report and recommendation must be filed by August 7, 2023. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989). The Clerk is directed to mail a copy of this order to the following addresses: Wiggins Computing, LLC d/b/a WCT Midwest c/o Justin Wiggins, Co-owner, 9904 Freeport Road, Rock Falls, IL 61071; and Wiggins Computing, LLC d/b/a WCT Midwest c/o Matthew L. Porter, Manager, 1106 Industrial Park Drive, Rock Falls, IL 61071; and to email a copy of this order to justin@wct-midwest.com.

**STATEMENT**

Before the Court is Plaintiffs Dakotas and Western Minnesota Electrical Industry Health and Welfare Fund and Dakotas Areawide IBEW-NECA Savings and Retirement Plan's motion for default judgment against Defendant Wiggins Computing, LLC d/b/a WCT Midwest. Dkt. 19. Plaintiffs filed the complaint in this case on March 3, 2023, pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132, alleging Defendant failed to pay contributions on behalf of its electrician employees. Dkt. 1. This Court has jurisdiction over the subject matter of this case and the parties. Venue is also proper in this District.

Plaintiffs served Defendant through Justin Wiggins, a co-owner and managing member, on April 17, 2023. Dkt. 8. Accordingly, the deadline for Defendant to answer or otherwise respond to

the complaint was May 8, 2023. To date, Defendant has not appeared or responded to the complaint.

On June 1, 2023, Plaintiffs filed a motion for entry of default against Defendant. Dkt. 11. Defendant was ordered to respond to the motion by June 16, 2023. Dkt. 13. After receiving no response, on June 26, 2023, the Court granted Plaintiffs' motion and an order of default was entered against Defendant. Dkt. 17. Defendant, an Illinois limited liability company, is not a minor, an incompetent person, or in active military service. By reason of default, Defendant has admitted the truth of the allegations in Plaintiffs' complaint, including that Defendant failed to remit payment of contributions for the months of December 2022 and January 2023 and failed to timely remit payment of contributions for the months of August 2022 to January 2023. Dkt. 1, ¶¶ 11–12. Accordingly, Defendant is hereby found liable to Plaintiffs for unpaid contributions, liquidated damages, and interest, along with reasonable attorney's fees and costs.

Plaintiffs now seek a default judgment against Defendant in the aggregate amount of $13,899.59. Dkt. 19. Plaintiffs mailed copies of the motion to Defendant's co-owner Justin Wiggins and manager Matthew L. Porter by regular and certified mail on July 12, 2023. A copy of the return receipt evidencing delivery has been filed on the docket. Dkt. 22. The Court held a hearing on Plaintiffs' motion on July 24, 2023. Defendant failed to appear at the hearing and has not responded to Plaintiffs' motion.

Plaintiffs allege that Defendant has paid all outstanding contributions but remains liable for $1,852.41 in liquidated damages and $445.18 in interest incurred from September 2022 through March 2023, pursuant to the Inside Agreement and Trust Agreements requiring Defendant to pay monthly contributions to Plaintiffs. The request is supported by an affidavit from Tyler Kingsly, who oversees the collection of amounts owed to Plaintiffs and avers that Defendant is liable for $1,852.41 in liquidated damages and $445.18 in interest. Dkt. 19-8. Considering the evidence presented, the Court finds that Plaintiffs are entitled to $1,852.41 in liquidated damages and $445.18 in interest incurred from September 2022 through March 2023.

Additionally, Plaintiffs seek $11,602 in attorney's fees and costs, which are recoverable under the terms of the Inside Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D). Plaintiffs' declaration regarding attorney's fees demonstrates that Plaintiffs have incurred $11,602 in attorney's fees and costs in pursuing this case. Dkt. 19-9. The Court finds the attorney's fees and costs are reasonable and Plaintiffs are entitled to an award of fees and costs totaling $11,602.

Based upon the evidence presented, it is this Court's report and recommendation that Plaintiffs' motion for default judgment be granted and that judgment be entered in favor of Plaintiffs and against Defendant in the aggregate amount of $13,899.59, consisting of $1,852.41 in liquidated damages, $445.18 in interest, and $11,602 in attorney's fees and costs. Any objection to this report and recommendation must be filed by August 7, 2023. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989).

Date: July 24, 2023  By:  _____
　　　　　　　　　　　　　　　Lisa A. Jensen
　　　　　　　　　　　　　　　United States Magistrate Judge

3